IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                              No. 14-30131-DRH

TROY EDWARDS,

Defendant.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

Now before the Court is Edward's motion for early termination of supervised release (Doc. 48). The government, in agreement with the United States Probation Office's position, opposes the motion (Doc. 52). Based on the record and the applicable law, the Court agrees with the government and finds that early termination supervised release is not warranted.

On August 14, 2015, the Court sentenced Edwards to 18 months in prison and 3 years supervised release the distribution of cocaine (Docs. 44 & 46). Edwards' supervised release began on December 2, 2016.

Pursuant to 18 U.S.C. § 3583, the Court may grant early termination of supervised release at any time after the expiration of one year if, after considering certain factors set forth in 18 U.S.C. § 3553, the Court

finds that "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The factors that must be considered are:

- the nature and circumstances of the offense and the characteristics of the defendant (18 U.S.C. § 3553(a)(1));
- the need for the sentence imposed to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B));
- the need for the sentence imposed to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C));
- the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D));
- the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant and any pertinent policy statements issued by the Sentencing Commission (18 U.S.C. § 3553(a)(4), (a)(5));
- the need to avoid unwarranted sentencing disparities (18 U.S.C. § 3553(a)(6)); and
- the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

Whether to grant a motion for early termination of supervised release is entirely within the discretion of the district court. *United States v. Temple,* 464 Fed.Appx. 541, 544 (7th Cir. 2012); *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006). However, the district judge must give some indication that he considered the relevant statutory factors. *Id.* The Court need not make explicit findings on each of the relevant factors, but the record must reveal the court gave consideration to the § 3553(a) factors. *United States v. Lowe,* 632 F.3d 996, 998 (7th Cir. 2011) (reversing the denial of a motion for early termination of supervised release where the district court did not consider the proper statutory factors and the Government and probation office did not object

to the motion). The Seventh Circuit has held that a hearing is not required before denying a request for modification. *See United States v. Nonahal,* 338 F.3d 668, 671 (7th Cir. 2003); *see also United States v. Reagan,* 162 Fed.Appx. 912, 913 (11th Cir. 2006) (finding that no hearing was required before the district court denied a request for early termination of supervised release).

Here, Edwards meets the initial requirement – he has been on supervised release for over 1 year (19 months). Therefore, the Court must determine whether Edwards' conduct and the interests of justice warrant termination. Having considered the relevant 18 U.S.C. § 3583(e) factors, the Court denies the request. The Court finds that Edwards fails to make the necessary showing to warrant early termination of his supervised release. At sentencing, the Court ordered a 3 year term of supervised release. Thus, Edwards has only served a little more than 50% of his supervised release. Furthermore, probation and the government's objections are reasonable based on the facts and history of the case. Even as he moves for early termination, Edwards is employed less than half time. Although not necessarily specific as to this defendant since employment is dependent on many decision making points by the employer, however, the Court is aware of many programs in this district that provide full time employment to supervisees. Although Edwards has not tested positive for illegal drugs during his supervision, one of the purposes of supervision is to provide the supervisee with a time tested interval off drugs to determine if over the duration of time the supervisee is likely to make it long term. Edwards is not there yet.

Edwards was convicted of a serious crime, distribution of cocaine, following four prior drug related offenses in state courts within a relatively short time. Recidivism was then and is now a substantial concern. It is encouraging that there has not been a revocation based on a drug related crime or any other crime for that matter. However, just as was concluded above, Edwards is just not yet at a point where the Court with a degree of certainty would find recidivism no longer an issue.

Accordingly, the Court **DENIES** the motion for early termination of supervised release (Doc. 48).

**IT IS SO ORDERED.**

Judge Herndon
2018.07.25 10:49:37
-05'00'

**United States District Judge**